UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR A TAX EVASION INVESTIGATION | ML No: 24-1431 |

*Reference:*   DOJ Ref. # CRM-182-91593

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Republic of Bulgaria (Bulgaria).  In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Supreme Prosecutors Office of Cassation of the Republic of Bulgaria submitted a request for assistance (the Request) to the United States pursuant to the principles of comity and reciprocity and, to the extent applicable, the Treaty Between the Government of the United States of America and the Government of the Republic of Bulgaria and the Agreement on Certain Aspects of Mutual Legal Assistance in Criminal Matters Between the Government of the

United States of America and the Government of the Republic of Bulgaria, U.S. - Bulg., September 19, 2007, S. TREATY DOC. NO. 110-12 (2008).

2. As stated in the Request, the Varna District Prosecutor's Office in Bulgaria is investigating Mesfood AD for filing a false tax declaration, which occurred in approximately February 2021, in violation of the criminal law of Bulgaria, specifically, Article 255, para. 1 of the Bulgarian Criminal Code. Because of the limited nature of the U.S.-Bulgaria Instrument, the United States has no treaty obligation to assist Bulgaria, but generally does so as a matter of comity.

3. According to Bulgarian authorities, on February 3, 2021, Mesfood AD, a Bulgarian company, submitted a customs declaration for a vehicle, a 2020 Mercedes AMG GT having Vehicle Identification Number (VIN) WDDYJ8AA8LA027506, that was purchased in the United States and imported to Bulgaria. The amount that Mesfood AD was required to pay to Bulgarian authorities in customs duties and value-added-tax (VAT) was based on the price that Mesfood AD paid for the vehicle as set forth in the customs declaration. The customs declaration submitted by Mesfood AD declared the value of the 2020 Mercedes AMG GT was Bulgarian Lev (BGN) 9,697.50 (approximately USD 5,974.64), and Mesfood AD therefore paid a customs duty of BGN 969.75 (approximately USD 597.46), and a VAT of BGN 2,153.45 (approximately USD 1,326.74).

4. Bulgarian authorities believed that the valued declared by Mesfood AD for this vehicle was too low, and they requested information from U.S. Customs and Border Protection about the export of this vehicle from the United States. This export information indicated that the 2020 Mercedes at issue was valued at USD 19,020 (approximately BGN 30,871.60), over three times the value that Mesfood AD listed on its customs declaration. Based on this

information, Bulgarian authorities assess that Mesfood AD should have paid BGN 3,074 (approximately USD 1,893.89) in customs duties and BGN 6,783.04 in VAT (approximately USD 4,179.04).  As a result, Bulgarian authorities believe Mesfood AD's underpayment of customs duties and VAT was BGN 6,733.84 (approximately USD 4,148.73).

5. Investigation by Bulgarian authorities has determined that Mesfood AD purchased the 2020 Mercedes AMG GT from Ocean West Auto Group, LLC (Ocean West), located in the United States.  Ocean West is a Florida-based auto exporter that sells motor vehicles at its online auctions.  On or about October 23, 2020, Mesfood AD paid BGN 39,017.28 (approximately USD 23,450) to Ocean West Auto Group, LLC, located in the United States, suggesting that the 2020 Mercedes AMG GT was in good shape and maintained significant value at the time of its shipment.  Notwithstanding this payment, the customs office in Bulgaria also produced a "Salvage Certificate of Title" issued by Zurich American Insurance Co., located in the United States, suggesting that the vehicle had been damaged at some point prior to being shipped to the United States.

6. Bulgarian authorities are investigating whether the 2020 Mercedes AMG GT at issue was damaged such that the declared value submitted by Mesfood AD was, in fact, accurate. Alternatively, Bulgarian authorities believe that Mesfood AD may have falsely minimized the value of the 2020 Mercedes AMG GT in order to save approximately BGN 6,733.84 (approximately USD 4,148.73) in customs duty and VAT.

7. To further the investigation, Bulgarian authorities have asked U.S. authorities to provide business records from Ocean West Auto Group, LLC and Zurich American Insurance Company, both located in the United States, related to the 2020 Mercedes AMG GT having VIN WDDYJ8AA8LA027506 purchased by Mesfood AD, and to compel a representative from

Ocean West Auto Group, LLC to submit to an interview.

## LEGAL BACKGROUND

8.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*          \*          \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> \*          \*          \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.  Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.  An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

11.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

REQUEST FOR ORDER

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Prosecutors Office of Cassation in Bulgaria and seeks assistance in the investigation of filing false tax declarations – a criminal offense in Bulgaria.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records and a

witness interview, falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Michael E. Eaton
Trial Attorney
CT Bar Number 418893
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2706
Michael.E.Eaton@usdoj.gov